# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JOE LEONARD BELL, JR.,
ADC #107834                                                                                          PLAINTIFF

V.                                       2:13CV00054 DPM/JTR

DANNY BURL, Warden; and
JEREMY ANDREWS, Major,
East Arkansas Regional Unit, ADC, et al.                                              DEFENDANTS

## ORDER

In this *pro se* § 1983 action, Plaintiff alleges that Defendants wrongfully seized a medical script authorizing treatment and accommodations for his foot problems. *Doc. 2.* Plaintiff has filed a Motion asking the Court to compel Defendants to provide him a copy of his prison medical records. *Docs. 31, 32, & 33.*

Defendants argue that the Motion to Compel is improper because it does not contain a good faith certification, as required by Fed. R. Civ. P. 37(a)(1). *Doc. 34.* Because prisoners have limited access to telephones and mailing supplies, the Court's general practice is to not require them to confer in good faith prior to filing a Motion to Compel.

Defendants also contend that they properly objected to Plaintiff's discovery request because they do not have access to his prison medical file. *Id.* According to Defendants, Plaintiff must file a request to review his medical records with the

appropriate Corizon, Inc. employees working at the East Arkansas Regional Unit. *Id.*

The Court has learned, in other prisoner cases, that the Warden has the authority to order Corizon employees to give prisoners access to their medical records, especially when the prisoner is involved in litigation regarding his medical care. However, legitimate security concerns prevent prisoners from having copies of their entire medical records.

Accordingly, the Motion to Compel is granted, as modified. Defendants must, within fourteen days of the entry of this Order, make arrangements for Plaintiff to have at least four hours of access to his prison medical records. During that time, Plaintiff may review his medical records and take notes.

If Defendants later file a Motion for Summary Judgment, Plaintiff can ask Defendants to provide him with copies of *relevant* portions of his prison file that are *not* already attached to Defendants' Motion. If Defendants do not provide such copies, Plaintiff should promptly refile his Motion to Compel. Further, if this case proceeds to trial, the Court will order the Defendants to bring Plaintiff's complete prison file, including his prison medical records, to Court.

Finally, Plaintiff has filed a Motion seeking permission to extend the discovery deadline so that he may review his medical records. *Doc. 37.* The Court finds good cause for granting that request.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel (Doc. 33) is GRANTED, AS MODIFIED.

2. Plaintiff's Motion for an Extension of Time (Doc. 37) is GRANTED.

Dated this 11th day of December, 2013.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE